IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | | |
|---|---|---|
| VENICE PI, LLC<br><br>Plaintiff,<br><br>v.<br><br>MONROE, TYRUS; SMITH, JEREMY; STODDARD, ANGELA; AND TERRELL, EASON;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 5:17-CV-334-BO |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

COMPLAINT

Plaintiff Venice PI, LLC, the owner of the motion picture *Once Upon a Time in Venice* (2017), by and through its undersigned counsel, for and as its Complaint against Tyrus Monroe ("Monroe"), Jeremy Smith ("Smith"), Angela Stoddard ("Stoddard") and Eason Terrell ("Terrell" and collectively as "Defendants"),

alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action for copyright infringement of federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").  Plaintiff seeks injunctive relief, statutory damages, attorney fees and costs, and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as at least one of the Defendants is believed to reside in this division and all the Defendants are believed to reside in this district.

## PARTIES

### PLAINTIFF

4.     Venice PI, LLC is a California limited liability company with principal offices in Los Angeles, California and an affiliate of Voltage Pictures, a production company with a notable catalog of major award winning motion pictures.

## The Rights of Venice PI, LLC

5. *Once Upon a Time in Venice* is a motion picture released in June of 2017 about a private investigator who must follow a bizarre and comic path to recover his stolen dog.

6. *Once Upon a Time in Venice*, produced under the working title *Going Under*, is protected by the Copyright Act and registrations including PA 2-039-391, January 27, 2017. Exhibit 1.

7. Under The Copyright Act, Venice PI, LLC is the proprietor of copyrights and related interest needed to bring suit.

8. The motion picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

9. Defendants had notice of Plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and copies, each of which bore a proper copyright notice.

10. Venice PI, LLC comes to court seeking relief as the motion picture *Once Upon a Time in Venice*, while still anticipating a release in the United States, was pirated and trafficked in the BitTorrent network and is being illegally downloaded

and distributed countless times worldwide with many confirmed instances of infringing activity traced to North Carolina.

## THE DEFENDANTS

11. On current information and belief, Monroe is a citizen and resident of North Carolina. Monroe is listed as Doe 10 in Exhibit 2. Monroe has an IP address of 67.237.58.206.

12. Plaintiff's investigator, Maverickeye proprietary software system, observed infringing activity on Monroe's IP address on July 3, 2017 at 02:47:51 UTC.

13. On current information and belief, Smith is a citizen and resident of North Carolina. Smith is listed as Doe 5 in Exhibit 2. Smith has an IP address of 75.138.195.246.

14. Plaintiff's investigator, Maverickeye proprietary software system, observed infringing activity on Smith's IP address on June 24, 2017 at 22:12:58 UTC.

15. On current information and belief, Stoddard is a citizen and resident of North Carolina. Stoddard is listed as Doe 1 in Exhibit 2. Smith has an IP address of 173.209.184.206.

16. Plaintiff's investigator, Maverickeye proprietary software system, observed infringing activity on Stoddard's IP address on June 18, 2017 at 16:24:00 UTC.

17. On current information and belief, Terrell is a citizen and resident of North Carolina. Terrell is listed as Doe 9 in Exhibit 2. Terrell has an IP address of 99.182.42.198.

18. Plaintiff's investigator, Maverickeye proprietary software system, observed infringing activity on Terrell's IP address on June 28, 2017 at 23:22:38 UTC.

19. The Defendants have been observed and confirmed as distributing Plaintiff's motion picture and other copyrighted content persistently and consistently on hundreds of occasions over an extended period of several months.

20. A listing of the Defendants by IP address, time of infringement and geolocation information are attached in Exhibit 2.

## PEER-TO-PEER INTERNET PIRACY IN GENERAL

### *Operation*

21. BitTorrent, also known as peer-to-peer file sharing, has become one of the most common systems for users to illegally dispense and share huge amounts of data in digital format, including motion pictures.

22. The BitTorrent protocol enables computers to exchange large files (such as motion pictures) without creating a heavy workload for any individual source/computer. It allows users to interact directly with each other to: (1) make

files stored on a user's computer (e.g., motion pictures) available for copying by other users; (2) search for files stored on other computers; and (3) transfer exact copies of files from one computer to another over the Internet.

23. The use of BitTorrent requires multiple intentional acts. A user must load specific software, use the software to join the network, search for a file, and then select the file they wish to download. As each user or peer joins the network and requests a copy of a file, they form a type of social contract to not only download the file, but to be a part of the network to allow the file to be downloaded by others. Each new peer requesting the file receives pieces of the data from each peer who already has downloaded the file, and then in turn makes that content available to others.

24. Since the BitTorrent protocol also generally limits a peer's ability to download unless he or she also uploads or shares, there is substantial incentive for each peer to remain online and continue to make files available for other peers to download because this will maximize his or her download speed and access to additional content.

25. The Defendants in this action have been observed as making Plaintiff's motion picture available to others in furtherance of the BitTorrent network.

6

*The Business of Piracy*

26. Internet piracy and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites, and networks generate millions of dollars in revenue through sales and advertising.

27. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

28. Defendants' participation in the BitTorrent exchange of Plaintiffs' motion pictures is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

29. Many parties, and possibly Defendants, have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including Plaintiffs' motion pictures, even if only through being granted greater access to other pirated content.

30. The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

*Harm to Plaintiff and Others*

31. Digital piracy, including BitTorrent piracy, costs the entertainment industry over $80 billion per year.

32. Nationwide the film and television industry supports over 1.9 million workers and contributes over $19.3 billion in taxes.

33. As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the

software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

34. In North Carolina, the film and television industry provides over 11,000 direct jobs and 2,722 production related jobs paying $559 million in wages. 2017 Motion Picture Associate of America website, http://www.mpaa.org/jobs-economy/.

35. The impact of piracy is far greater than the mere loss of a single sale or loss due to the distribution of one copy of a motion picture. Piracy undermines the economy, job base, and tax base on which our citizens rely and promotes a general disregard for the rights of others and the law.

36. As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to both the United States of America and the State of North Carolina.

## CAUSE OF ACTION

(Federal Copyright Infringement)

37. Plaintiff incorporates by reference the above allegations.

38.	Defendants, without the permission or consent of Plaintiff, copied and distributed Plaintiff's motion picture and others through a public bittorrent network.

39.	Defendants' actions infringed Plaintiff's exclusive rights under The Copyright Act.

40.	Defendants' conduct has been with notice, willful, intentional, in disregard of and indifferent to Plaintiff's rights with the intent to cause Plaintiff harm and deprive Plaintiff of royalties and the benefit of Plaintiff's copyrights.

41.	As a direct and proximate result of the Defendants' conduct, Plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

42.	Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

43.	Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

44.	Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting the Defendants from further contributing to the infringement of Plaintiff's copyrights, the economy of piracy, and ordering that Defendants destroy all copies of the motion picture made in violation of Plaintiff's rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Monroe, Smith, Stoddard and Terrell and relief as follows:

A. For a finding Defendants willfully and intentionally infringed Plaintiff's rights;

B. For entry of permanent injunction enjoining Defendants from direct, indirect or contributory infringement of Plaintiff's rights, except pursuant to a lawful license or with the express authority of Plaintiff. And further directing Defendants to destroy all unauthorized copies of Plaintiff's motion picture;

C. For entry of permanent injunction enjoining Defendants from supporting the BitTorrent economy of piracy by enjoining Defendants from direct, indirect or contributory infringing file sharing in violation of U.S. copyright law;

D. Damages pursuant to 17 U.S.C. § 504;

E. For Plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

F. For such other and further relief as the Court deems proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury.

DATED: January 8, 2017				Respectfully submitted,

					By:	/s/Kathleen M. Lynch
						Kathleen Lynch
						NC Bar No. 37429
						kml@lynchvansickle.com

						R. Matthew Van Sickle
						N.C. Bar No. 33516
						rmv@lynchvansickle.com

						Lynch Van Sickle, PLLC
						201 Shannon Oaks Circle, Suite 200
						Cary, NC 27511
						(919) 469-5685


						Attorneys for Plaintiff